636 A.2d 196

**Michael S. KRICHTEN and Doris M. Krichten, Appellants,**

v.

**Melanie A. WOLPERT, Appellee.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1993.

Filed Jan. 13, 1994.

Thomas P. Lang, York, for appellants.

Donald B. Hoyt, York, for appellee.

Before WIEAND, OLSZEWSKI and POPOVICH, JJ.

OLSZEWSKI, Judge:

Michael and Doris Krichten appeal from the judgment of the lower court denying their petition for delay damages. We affirm.

On January 19, 1989, appellee Melanie Wolpert lost control of her car and struck Michael Krichten who was working in a pipeline ditch adjacent to the road. Krichten was severely injured in the accident. On March 21, 1989, appellants filed a negligence action against Wolpert. On November 13, 1989, following an evaluation of the Krichtens' claims, Wolpert made a written offer of settlement equal to the policy limits of her automobile insurance coverage. Wolpert's insurance policy limits were $15,000 per person/$30,000 per accident. Appellants rejected the settlement offer and, on December 2, 1992, the case went to trial. After a two-day trial, the jury returned a verdict in favor of appellants in the amount of $250,000. On December 10, 1992, appellants filed a timely petition for delay damages under Pa.R.C.P. 238. This petition was supplemented by a subsequent petition filed on March 12, 1993. On May 20, 1993, the trial court denied appellants' petition.

The sole issue we need to consider is whether the trial court erred in denying appellants' petition for delay damages. In *Berry v. Anderson*, 348 Pa.Super. 618, 502 A.2d 717 (1986), this Court held that "a plaintiff shall not be awarded damages for delay pursuant to Pa.R.C.P. 238 after the date of the defendant's offer when the court determines that because of the defendant's indigency, the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more." *Id.* at 627, 502 A.2d at 722. It is not disputed that within a year of the accident appellee made a written settlement offer of her policy limits. The trial court found that appellee was indigent and that she had no assets other than her insurance coverage. Consequently, the trial court ruled that, under *Berry*, delay damages could not be awarded against appellee even if her settlement offer was inadequate under Rule 238.

Appellants argue that the trial court erred in finding that appellee is indigent under Rule 238. They contend that appellee possesses a viable bad faith cause of action against her insurance carrier, based upon its conduct in the handling of this case. Appellants argue that the claim should have been treated as an asset because it could be assigned to appellants, or appellee could pursue it to judgment and thereby create a pool of funds from the claim. We find this contention meritless.

■ A trial court's determination that a defendant is indigent under Rule 238 will not be reversed absent an abuse of discretion. *Krysmalski by Krysmalski v. Tarasovich,* 424 Pa.Super. 121, 622 A.2d 298 (1993). We find no abuse of discretion. Appellants were willing to stipulate to appellee's indigency with the exception that they considered the bad faith claim an asset. Consequently, the only issue is whether the trial court should have considered the alleged bad faith claim an asset. First, it is pure speculation that appellee may have a bad faith claim against her insurance carrier. Whether appellee has a viable bad faith claim against her insurance carrier is a matter for another day, since the carrier is not a party to this lawsuit. *See Id.* at 139, 622 A.2d at 308; *see also Hall v. Brown,* 363 Pa.Super. 415, 420, 526 A.2d 413, 416 (1987) ("A finding that delay damages are due is fundamentally different from a determination that an insurer acted in bad faith."). We refuse to assess delay damages against a defendant on the basis of mere speculation.

Moreover, we find that appellee acted within the spirit of Rule 238. There is no dispute that when appellee made her settlement offer, she offered all of her available assets. Even if appellee presently has a viable bad faith claim, it had not yet accrued at the time she made her offer. Clearly we cannot hold appellee responsible for not anticipating that a bad faith claim might accrue. Lastly, we note that our decision does not bar appellants from pursuing a bad faith claim, on an assignment from appellee, against appellee's insurance carrier.

■ Appellants also argue that *Berry* should not apply to cases in which defendant or, in the context of automobile

accidents, defendant's insurance carrier, has not negotiated in good faith. We find it unnecessary, however, to decide whether such an exception should be carved from *Berry*. Assuming *arguendo* that such an exception should exist, we find that it would not apply here. Appellants have not demonstrated that appellee's insurance carrier negotiated in bad faith. Appellants claim the insurance carrier negotiated in bad faith because the insurance carrier did not offer appellee's policy limits until eight months after the accident. We note, however, that under Rule 238 appellee had a grace period of one year in which to make her offer. Rule 238 provides a grace period to defendants so that they may have an opportunity to investigate and evaluate an action before the damages for delay begin to run, thereby increasing the chances of an appropriate settlement. *Explanatory Note*, Pa.R.C.P. 238, 42 Pa.C.S.A. We refuse to find that a defendant's decision to use this grace period constitutes bad faith, *per se*.[1]

Judgment affirmed.

POPOVICH, J., concurs in the result.

1. We also note that appellants seek delay damages for the period of two and one-half years. Even if appellee's eight-month delay in making her offer was due to bad faith, we would still not award delay damages for two and one-half years. At most, appellants would only be entitled to delay damages for the eight months of delay.

