641 A.2d 592

**Hiram H. MILLER and Martha Miller, Appellees,**

**v.**

**Virginia B. HELLMAN and John O. Stein, II, Co–Executors of the Estate of Sarah E. Stettler, Appellees.**

**Appeal of Virginia B. HELLMAN and John O. Stein, II, Appellants.**

**Hiram H. and Martha MILLER, Husband and Wife, Appellants,**

**v.**

**Virginia B. HELLMAN and John O. Stein, II, Co–Executors of the Estate of Sarah E. Stettler, Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 30, 1993.

Filed April 8, 1994.

Reargument or Reconsideration Denied June 8, 1994.

540

Karl R. Hildabrand, Pittsburgh, for appellants (at 438) and appellees (at 484).

David L. Lutz, Harrisburg, for appellants (at 484) and appellees (at 438).

Before CAVANAUGH, McEWEN and DEL SOLE, JJ.

DEL SOLE, Judge:

This is an appeal by Hiram and Martha Miller from an Order denying their petition for delay damages under Rule 238 of the Rules of Civil Procedure. We reverse and remand for an evidentiary hearing.

On December 24, 1987, Hiram Miller and Sarah E. Stettler were in a motor vehicle accident on Routes 11 and 15 in Penn Township, Perry County, Pennsylvania. As a result of the accident, Ms. Stettler died and Mr. Miller sustained serious injuries. Appellants retained counsel who sent a number of letters to the Stettler liability insurer, Prudential Property

Casualty & Insurance Company, requesting tender of the policy limits. Appellants filed their complaint on May 3, 1988. Prudential, on behalf of the estate of Sarah Stettler, sent a letter dated May 13, 1988, confirming its May 11, 1988 offer of the $100,000 policy limit and appellants' May 12, 1988 rejection. Following trial a jury awarded appellants $2,500,000. Appellants requested that the trial court assess delay damages, but the court held that tender of the policy limit within the time period set forth in Rule 238 precluded the imposition of delay damages against the insured. It is from this order that appellants have appealed.

Appellants have framed the issue on appeal as whether the offer of insurance policy limits, where the insured is not indigent, precludes the imposition of Rule 238 damages. Appellants take exception to the trial court's statements that they were not pursuing the assets of the estate, and that they were seeking delay damages "... on the basis that Prudential's tender of the policy limits was untimely." (Trial court op. 7–13–93 at 2). Appellants argue that there are only three circumstances in which a court may deny a petition for delay damages: where there is an offer within 125% of the verdict, where the plaintiff is at fault for the delay of trial or where the defendant is indigent. It is appellants' position that the indigent defense to delay damages is applicable to situations only where the defendants have offered all of their assets. Furthermore, the delay damages should be calculated based upon the size of the verdict and not the policy limits; and, to toll the running of delay damages, the insurer should pay the policy limits into court.

Amended Pennsylvania Rule of Civil Procedure 238 provides in pertinent part as follows:

(a)(1) At the request of the plaintiff in a civil action seeking monetary relief for bodily injury, death or property damage, damages for delay shall be added to the amount of compensatory damages awarded against each defendant or additional defendant found to be liable to the plaintiff in the verdict of a jury, in the decision of the court in a nonjury trial or in the award of arbitrators appointed under section

7361 of the Judicial Code, 42 Pa.C.S. § 7361, and shall become part of the verdict, decision or award.

(2) Damages for delay shall be awarded for the period of time

(i) in an action commenced before August 1, 1989, from the date the plaintiff first filed complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision;

. . . . .

(3) Damages for delay shall be calculated at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded.

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

(1) after which the defendant has made a written offer of

(i) settlement in a specified sum with prompt cash payment to the plaintiff, or

(ii) a structured settlement underwritten by a financially responsibility entity, and continued that offer in effect for at least ninety days or until commencement of trial, whichever first occurs, which offer was not accepted and the plaintiff did not recover by award, verdict or decision, exclusive of damages for delay, more than 125 percent of either the specified sum or the actual cost of the structured settlement plus any cash payment to the plaintiff; or

(2) during which the plaintiff caused delay of the trial. Pa.R.C.P. 238, 42 Pa.C.S.A.

■ The awarding of delay damages is justified for two reasons: "1) alleviating delay in the courts and 2) encouraging defendants to settle meritorious claims as soon as reasonably possible." *Jazbinsek v. Chang* 416 Pa.Super. 300, 611 A.2d 227 (1992), citing *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981). Prior to the 1988

amendments to Rule 238, delay damages were awarded automatically if the defendant failed to make an appropriate offer of settlement. See Explanatory Comment to Rule 238. In the case of *Craig v. Magee Memorial Rehabilitation Center*, 512 Pa. 60, 515 A.2d 1350 (1986), our supreme court introduced the element of fault to be considered when awarding damages for delay.

In order to avoid delay damages, the defendant must offer to settle the case for an amount within 125% of the verdict, Rule 238(b)(1), or the period of delay may be reduced by the time which is attributable to the plaintiffs, Rule 238(b)(2). Another exception to the delay damages rule was announced in *Berry v. Anderson*, 348 Pa.Super. 618, 502 A.2d 717 (1986), which is still applicable under the amended Rule 238. In *Berry*, we were asked to determine whether delay damages should be assessed against everyone, regardless of their ability to pay. We held that:

> a plaintiff shall not be awarded damages for delay pursuant to Pa.R.C.P. 238 after the date of the defendant's offer when the court determines that, because of the defendant's indigency, the offer was the full amount available for payment of the plaintiff's claim and it was impossible for the defendant to have offered more.

*Id.*, Pa.Cmwlth. 410, 502 A.2d at 722.

It is clear that Prudential offered its policy limits of $100,000 to appellants eight days after they filed a complaint. Appellants rejected this offer on May 12, 1988, and Prudential confirmed the offer and rejection in a writing dated May 13, 1988. Appellants, nevertheless, assert that the only procedure available for Prudential to escape the payment of delay damage is to pay its policy limits into court with the filing of a complaint in equity for interpleader and the filing of proof that the defendant was indigent and not able to pay more than the policy limits. Moreover, appellants suggest that this court hold that prejudgment interest is owed by a liability carrier that fails to pay its policy limits into court and that the insurer's exposure is not controlled by policy liability limits. Appellants rely on *Shellhamer v. Grey*, 359 Pa.Super. 499, 519

A.2d 462 (1986), *allocatur denied,* 515 Pa. 594, 528 A.2d 603 (1987), (*Shellhamer I* ), *Shellhamer v. Grey,* 390 Pa.Super. 122, 568 A.2d 224 (1989), (*Shellhamer II* ), and *Krysmalski by Krysmalski v. Tarasovich* (*en banc* ), 424 Pa.Super. 121, 622 A.2d 298 (1993), as the basis for this contention. We disagree with appellants.

Rather, we hold that where an insurer offers its policy limits within the time period of Rule 238 that excludes imposition of delay damages, it is not responsible for those damages following a verdict. This does not foreclose the determination of the insured's solvency, and if solvent, the insured's responsibility for delay damages where appropriate. We recognize that the purpose of the rule would not be served by imposing delay damages on the *insurer* when it has timely offered its policy limits. We do not reach, nor do we need to discuss, whether the insurer is liable for delay damages under Rule 238 if it offers the policy limits during the time period when delay damages begin to run. We will decide whether the insurance carrier will be liable for delay damages on a case by case basis. Further, a tender is sufficient, there need not be a payment into court to satisfy Rule 238.

However, that does not end our review. Here, it is apparent that the defendant has assets which were not tendered to settle the claim. The analysis in *Krysmalski, supra,* is applicable and delay damages should have been determined and imposed.

In *Krysmalski,* we commented that *Berry* stands for the proposition that a defendant must offer all of the assets available to avoid delay damages being assessed, and, therefore, prior to seeking *Berry's* shelter, a defendant must offer, at minimum, all available liability insurance coverage. This statement was made in reference to the fact that the parties in *Krysmalski* were arguing whether the defendant's insurer offered, during negotiations with the plaintiffs, the full policy limits of defendant's insurance. The insurance company was not a party to the action and it later petitioned the court to deposit the insurance monies into court. Thus, our focus was

on whether defendant had offered all of his assets, and, since he did not, he could not claim *Berry's* shelter.

■ Instantly, Prudential offered the limits of its insurance policy and this was confirmed in a letter ten days after the complaint was filed. Rule 238 requires that "damages for delay shall be awarded for the period of time, in an action commenced before August 1, 1989, from the date the plaintiff first filed a complaint or from a date one year after the accrual of the cause of action, whichever is later, up to the date of the award, verdict or decision." R.C.P. 238(a)(2)(i). Clarifying this language, in *Krichten and Krichten v. Wolpert*, 431 Pa.Super. 194, 636 A.2d 196 (1949 Phl.1993, filed January 13, 1994), we stated that "under Rule 238 appellee had a grace period of one year in which to make her offer. Rule 238 provides a grace period to defendants so that they may have an opportunity to investigate and evaluate an action before the damages for delay begin to run, thereby increasing the chances of an appropriate settlement. *Explanatory Note,* Pa.R.C.P. 238, 42 Pa.C.S.A." (slip opinion at 4). The date one year after the accrual of the cause of action, December 24, 1988, is later than the date on which the complaint was filed (May 3, 1988). The period of time for which delay damages will be awarded excludes the time after which the defendant has made a written offer of settlement. Pa.R.C.P. 238(b)(1)(i). Since Prudential's offer was made well before the period when delay damages would begin to run in this case, Prudential will not be liable for delay damages.

■ However, we find it necessary to remand this case for an evidentiary hearing to determine whether appellee's estate could have made an offer in addition to appellee's insurance policy. To be considered indigent, at minimum, the insurance policy limits must be offered. Where a defendant has more than insurance that could be offered to the injured plaintiff, a reasonable offer including the additional assets must be made. The trial court here concluded that from the time of the accident until the case went to trial, appellants were not pursuing the assets of appellee's estate. Regardless

whether appellant's were "pursuing" the assets of appellee's estate, the executors of appellee's estate should have offered whatever was available for payment of damages. If the insurance proceeds were the full amount available for the payment of appellants' claim, delay damages should not be assessed against the estate; but, if estate assets were available, appellee's estate may be liable pursuant to Rule 238.

Appellees challenge the constitutionality of amended Rule 238 and have notified the Attorney General. Since appellees question the constitutionality of a rule, they should have given notice to the Court Administrator of Pennsylvania pursuant to Pa.R.A.P., Rule 522, 42 Pa.C.S.A. The Attorney General must be notified of a challenge to the constitutionality of a statute according to Pa.R.A.P., Rule 521, 42 Pa.C.S.A. Nevertheless, even if appellees had notified the proper party, we would find that such challenges to the constitutionality of Rule 238 already have been disposed of by this court and our supreme court.

The appellees argue that the rule is unconstitutional since it assesses "fault-neutral" delay against the defendant and imposes a penal interest rate against the defendant who chooses to defend a suit rather than settle. In *Krysmalski, supra,* the defendant raised issues very similar to the constitutional challenges presented here, i.e. amended Rule 238 violates the Equal Protection and excessive fines clauses of the United States and Pennsylvania Constitutions. We concluded that:

he raises no constitutional claim that has not been fully addressed by the Supreme Court and our Court. *Laudenberger, supra* [*v. Port Authority of Allegheny County,* 496 Pa. 52, 436 A.2d 147 (1981)] (original Rule 238 does not violate due process or equal protection clauses); *Craig, supra* [*v. Magee Memorial Rehabilitation Center,* 512 Pa. 60, 515 A.2d 1350 (1986)] (constitutional rationale of *Laudenberger* has continuing vitality); *Dietrich v. J.I. Case Co.,* 390 Pa.Super. 475, 568 A.2d 1272 (1990). Until we are presented with a claim that raises a novel argument regarding Rule 238's constitutionality, we will continue to find discussion of these claims unnecessary and, as we have

written, "spurious." *Dietrich, supra,* 491, 568 A.2d at 1280 (quoting *Shellhamer v. Grey,* 390 Pa.Super. 122, 129, 568 A.2d 224, 228 (1989)).

*Krysmalski,* 424 Pa.Super. 121, 145, 622 A.2d 298, 311.

See also *Costa v. Lauderdale Beach Hotel,* 534 Pa. 154, 626 A.2d 566 (1993) (Delay damages do not prevent defendants from exercising their right to defend themselves in court by penalizing defendants that choose to go to court but, rather, they simply do not permit defendants to profit from holding money that belongs to plaintiff, by requiring defendants to compensate plaintiff for loss of use of that money during time defendants held it; and we must conclude that the rule is not unconstitutional where we find, as we do in this case, that it is substantially and rationally related to a legitimate goal); *Schrock v. Albert Einstein Medical Center,* 527 Pa. 191, 589 A.2d 1103 (1991) (Delay damages may be assessed even if defendant is free from fault in delay of trial).

Furthermore, in *Lilley v. Johns–Manville Corp.,* 408 Pa.Super. 83, 596 A.2d 203 (1991), the defendant asserted that any award of delay damages is unconstitutional without a finding that the defendant is at fault for the delay, and delay damages are inapplicable to that portion of the jury's award attributable to the plaintiff's future injuries. Relying on *Dietrich, supra,* we affirmed the trial court's grant of delay damages holding that such damages are not unconstitutional absent a finding of fault on the part of defendant nor inapplicable to future injuries. We also noted that in *Dietrich,* we stated "it would be inappropriate for this court to find a rule promulgated by our supreme court to be constitutionally infirm . . . any such determination must emanate from the Pennsylvania Supreme court itself." (Citations omitted). *Lilley v. Johns–Manville,* 408 Pa.Super. at 102, 596 A.2d 203. Therefore, appellee's challenge to the constitutionality of Rule 238 must fail.

Accordingly, the order denying delay damages is reversed and the matter remanded for proceedings consistent with this decision.