J-A12008-19

2019 PA Super 259

| | |
|---|---|
| SLT HOLDINGS, LLC, JACK E. MCLAUGHLIN AND ZUREYA A. MCLAUGHLIN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| MITCH-WELL ENERGY, INC. AND WILLIAM E. MITCHELL, JR., AN INDIVIDUAL, | |
| Appellants | No. 1322 WDA 2018 |

Appeal from the Order Dated August 8, 2018
In the Court of Common Pleas of Warren County
Civil Division at No(s): A.D. 626 of 2013

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED AUGUST 23, 2019**

Mitch-Well Energy, Inc. ("Mitch-Well") and William E. Mitchell, Jr., an individual ("Mr. Mitchell") (collectively "Appellants") appeal from the August 8, 2018 order, which granted the petition for attorneys' fees and costs filed by SLT Holdings, LLC ("SLT"), Jack E. McLaughlin and Zureya A. McLaughlin ("the McLaughlins") (collectively "Appellees"), and awarded Appellees

reasonable attorneys' fees and costs in the amount of $8,383.40.[1,2] We affirm.

This matter stems from a dispute over two oil, gas, and mineral ("OGM") leases regarding two parcels located in Warren County. The underlying action was commenced on November 19, 2013, with Appellees' filing of a complaint in equity against Appellants. Summary judgment was granted in favor of Appellees on January 8, 2018. Pending the decision on its motion for summary judgment, Appellees filed a motion for sanctions against Appellants, seeking recovery under Pa.R.C.P. 4019(d) for fees and costs incurred as a result of Appellants' failure to respond truthfully to Appellees' request for admissions. On November 29, 2017, the trial court heard argument on both the summary judgment motion and the motion for sanctions. The court deferred ruling on the motion for sanctions until after the issuance of its opinion regarding summary judgment. Summary judgment was entered in favor of Appellees on January 9, 2018.

> By order of January 10, 2018, the court granted [Appellees'] motion for sanctions and gave them twenty days to file their petition for attorneys' fees and costs. The motion for sanctions concerned a request for admissions that [Appellees] had served

---

[1] Appellants filed a separate appeal challenging the trial court's granting of summary judgment in favor of Appellees, which is currently pending before this Court at docket no. 542 WDA 2018.

[2] An order granting sanctions under Pa.R.C.P. 4019(d) is final and appealable. *See Christian v. Pennsylania Financial Responsibility Assigned Claims Plan*, 686 A.2d 1, 4 (Pa. Super. 1996) (noting that the finality of the order is determined not by the entry of judgment in the underlying action, but by the language and requirements of Rule 4019(d)); *see also* Pa.R.C.P. 4019(d).

on [Appellants]. [Appellants] denied every request for an admission. The most important facts that [Appellants] denied were that they made no payments to [Appellees] for approximately 13 years. The leases … required minimum payments even if no oil or gas was produced. [Appellees] hoped that if [Appellants] admitted to not making payments, then [Appellees] could prove that they breached the lease agreements, and [Appellees] could move for summary judgment without ever having deposed [Mr. Mitchell]. [Appellees] represented that because [Appellants] denied all of the requests for admissions, [Appellees] had to take the deposition of [Mr. Mitchell]. During the deposition, [Mr. Mitchell] conceded the facts that [Appellees] had previously asked [Appellants] to admit. He also conceded that [Appellants] were in error when they denied the relevant requests for admissions. It was [Appellees'] position that [Appellants'] wrongful denial of the requests for admissions forced [Appellees] to incur the costs of[] the deposition, the motion for sanctions, and the petition for attorneys' fees and costs. Counsel for [Appellees] represented that he worked 27.7 hours on relevant tasks at the agreed-upon rate of $300 per hour. The total is $8,383.40. Of that amount, $73.40 is costs and the rest[] is attorney[s'] fees. Counsel included a table with individual line items in [Appellees'] petition. Attached to the petition are heavily redacted invoices and an affidavit signed by counsel.

[Appellants] filed a response to the petition with several arguments, including one which duplicates matters raised in the instant appeal. [Appellants] claimed that the Rule of Civil Procedure governing sanctions for denials of requests for admission that are subsequently proven true only allows sanctions after a trial or hearing. Pa.R.C.P. 4019(d)….

Trial Court Opinion ("TCO"), 11/5/18, at 2-3 (unnecessary capitalization omitted).

Following argument on Appellees' petition for attorneys' fees and costs, the trial court issued an order on August 8, 2018, granting the petition and awarding Appellees reasonable attorneys' fees and costs in the amount of $8,383.40. On August 27, 2018, Appellants filed a timely notice of appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of

- 3 -

errors complained of on appeal. Herein, Appellants present the following issues for our review:

1. Did the [t]rial [c]ourt abuse its discretion in awarding counsel fees as a sanction for [Appellants'] denial of requests for admissions where SLT was granted summary judgment without trial?

2. Did the [t]rial [c]ourt abuse its discretion when it awarded counsel fees as a sanction for the denial of requests for admissions as SLT was never required to prove the truth of the facts denied because of the entry of summary judgment in favor of SLT Holdings?

3. Did the [t]rial [c]ourt err in failing to hold an evidentiary hearing for sanctions and attorney[s'] fees where the non[-]moving party had filed a response to the petition for attorney[s'] fees and costs?

Appellants' Brief at 4.

"It is well-settled that the specific sanctions imposed under Pa.R.C.P. 4019 for violation of discovery rules are left to the sole discretion of the trial court." *Christian*, 686 A.2d at 5 (citing *Sun Pipe Line Co. v. Tri-State Telecommunications, Inc.*, 655 A.2d 112, 122 (Pa. Super. 1995)). Therefore, we apply an abuse of discretion standard when reviewing an order granting or denying a motion for sanctions pursuant to Rule 4019(d). *See id.* "An abuse of discretion is not merely an error of judgment. It requires a showing of manifest unreasonableness, partiality, ill-will, or such lack of support as to be clearly erroneous. Under this standard, the party challenging the trial court's discretion on appeal bears a heavy burden." *Id.* (internal citations omitted).

- 4 -

We begin with a review of relevant authority. Pennsylvania Rule of Civil Procedure 4014 provides for discovery through a request for admissions. The purpose of serving requests for admissions is "to clarify and simplify the issues raised in prior pleadings in order to expedite the litigation process." *Christian*, 686 A.2d at 5 (citation omitted). Moreover, "Rule 4014 provides that a party may deny a request for admission that the party considers a genuine issue for trial. Pa.R.C.P. 4014(b). This denial, however, is subject to the discovery sanctions of Rule 4019(d)." *Id.*

Rule 4019 provides, in relevant part:

(d) If at the trial or hearing, a party who has requested admissions as authorized by Rule 4014 proves the matter which the other party has failed to admit as requested, the court on motion may enter an order taxing as costs against the other party the reasonable expenses incurred in making such proof, including attorneys' fees, unless the court finds that

(1) the request was or could have been held objectionable pursuant to Rule 4014, or

(2) the admission sought was of no substantial importance, or

(3) the party failing to admit had reasonable ground to believe that he or she might prevail on the matter, or

(4) there was other good reason for the failure to admit.

Pa.R.C.P. 4019(d).

As noted by the trial court:

[Appellants] specifically rely on the part of [Rule 4019(d)] concerning proof of the previously denied matter at trial or hearing…. [Appellants] also rely on the fact that this [c]ourt granted summary judgment…. Summary [j]udgment is appropriate when, *inter alia*, there is no genuine issue of any

- 5 -

material fact as to a necessary element of the cause of action or defense…. Pa.R.C.P. 1035.2(1). However, the party moving for summary judgment has the burden of proving the nonexistence of any genuine issue of fact, while the nonmoving party must demonstrate that there is a genuine issue for trial and may not rest on averments in its pleadings. ***Merriweather v. Philadelphia Newspapers, Inc.***, 684 A.2d 137 (Pa. Super. 1996).

TCO at 3.

In their first two claims, Appellants aver that the trial court erred in awarding attorneys' fees and costs as a sanction for Appellants' denial of requests for admissions, where summary judgment was granted in favor of Appellees, and maintain that because of the entry of summary judgment, Appellees were never required to prove the truth of the facts denied by Appellants. Appellants' Brief at 9-15. Appellants argue that all of the requests for admissions were properly denied in accordance with Rule 4014(b), and acknowledge that a verification executed by Mr. Mitchell, president of Mitch-Well, was attached to their response. ***Id.*** at 10. Appellants take the position that they are "not required to admit to the requests for admissions. They can deny them[,] which they did[,] and that is their right. The fact that [Appellees were] not happy with the answers [or] did not agree with the answers[] is not a basis for sanctions against [them]…." ***Id.*** at 11.

Appellants' argument regarding whether the granting of sanctions was appropriate places an emphasis on the words "if at the trial or hearing … a party … proves" contained in Rule 4019. Appellants assert that there was no trial in this case, but rather an entry of summary judgment and, thus,

Appellees were not forced to prove anything at trial. *Id.* at 11-12. Appellants

further contend that Appellees were not forced to take the deposition of Mr.

Mitchell as a result of its denial of the requests for admissions and that "the

request[s] for admissions were of no substantial importance" in this case. *Id.*

at 12, 14-15.

In response to Appellants' claims, the trial court opined:

> The facts that [Appellants] denied pursuant to [Appellees']
> Request for Admissions *were proven true* at [Mr. Mitchell's]
> deposition[,] by his admissions at that time. The [c]ourt relied on
> the deposition testimony, especially that concerning the lack of
> marketable production at the oil wells, when it entered summary
> judgment. Thus, the need for a trial or an evidentiary hearing
> before the [c]ourt was obviated. [Appellants] argue that a literal
> reading of Pa.R.C.P. 4019 … only allows for an award of
> attorney[s'] fees and costs whenever denials of requests [for]
> admissions are proven false at a trial or hearing. Preliminary [*sic*],
> it is the opinion of this [c]ourt that [Appellants'] argument is
> unreasonably sophist. However, even if the [c]ourt engages with
> [Appellants'] argument, the argument fails because [Appellees]
> *did* prove that the facts which were initially denied by [Appellants]
> were true for purposes of summary judgment. Had the [c]ourt
> not been convinced that there was no genuine issue as to whether
> there was marketable production at the well sites during the
> relevant timeframe, then [Appellees] would have likely failed to
> meet their burden of proof. Concerning [Appellants'] argument
> about the lack of a trial (or as Rule 4019 states "trial or hearing"),
> the [c]ourt notes that it did hear argument on [Appellees'] motion
> for partial summary judgment.[3] If [Appellants] take the position
> that the rule requires testimony before the [c]ourt, meaning
> before a judge and not just before a person authorized to
> administer oaths, then it is again the opinion of this [c]ourt that
> [Appellants'] reading of Rule 4019 is unreasonable because it
> defeats the overall meaning of the rule.

---

[3] We further note that immediately following the argument on summary
judgment, testimony was heard on the motion for sanctions. **See** N.T.
Hearing, 11/29/17, at 36-43.

TCO at 4-5 (emphasis added and unnecessary capitalization omitted).  Based on the foregoing, we discern no abuse of discretion by the trial court.

Lastly, Appellants assert that the trial court erred by failing to hold an evidentiary hearing on the petition for attorneys' fees and costs as sanctions.  Appellants' Brief at 15.  Appellants acknowledge that they are unable to cite to any authority which mandates a hearing before awarding sanctions under Rule 4019(d).  *Id.* at 23-24.  Nevertheless, they insist that because there was no trial, sanctions under Rule 4019(d) are inappropriate.  *Id.* at 16.

In response to Appellants' assertions, the trial court explained:

> [T]he record was sufficient for the [c]ourt to decide the issue after hearing argument [on the motion for sanctions].  There were no issues of facts concerning the initial denials of requests for admissions and subsequent recantation of those denials.  The [c]ourt was able to read the recantations in the transcript of the sworn deposition testimony given by the individual [Appellant].  Furthermore, when it came time for the [c]ourt to decide on the reasonableness of the fees and costs requested in [Appellees'] Petition for Attorneys' Fees and Costs, the [c]ourt had the benefit of an itemized breakdown of the requested fees and also an [a]ffidavit from counsel for [Appellees].

TCO at 5.  After careful review, we discern no abuse of discretion by the trial court in granting Appellees' petition for attorneys' fees and costs.  Moreover, we deem the amount of attorneys' fees and costs awarded to be reasonable and adequately supported by the record.

In light of the foregoing, the trial court's August 8, 2018 order awarding reasonable attorneys' fees and costs in the amount of $8,383.40 to Appellees is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/23/2019