580 A.2d 1154

Kirsti M. WIRTH

v.

Jeffrey MILLER, John S. Seely, Dale L. Campbell and Helen Ann Heins and the Imperial Metal Finishing Company, Inc.

Appeal of Dale L. CAMPBELL and Imperial Metal Finishing Company, Inc.

Megan MILLER, a Minor, by her Parents and Natural Guardians, Justine MILLER and Jeffrey Miller, and Justine Miller and Jeffrey Miller in Their Own Right

v.

IMPERIAL METAL FINISHING COMPANY, INC., Appellant.

Megan MILLER, a Minor, by her Parents and Natural Guardians, Justine MILLER and Jeffrey Miller, and Justine Miller and Jeffrey Miller in Their Own Right

v.

Dale CAMPBELL, Appellant,

v.

Jeffrey MILLER.

Superior Court of Pennsylvania.

Argued June 19, 1990.

Decided Sept. 26, 1990.

Avrum Levicoff, Pittsburgh, for appellants.

Gary M. Lang, Pittsburgh, for Wirth, appellee in No. 59.

Joseph M. Maurizi, Pittsburgh, for Miller, appellees in Nos. 60, 61.

Before CIRILLO, President Judge, and OLSZEWSKI and TAMILIA, JJ.

TAMILIA, Judge:

In this consolidated action stemming from a multi-vehicle accident on July 30, 1986, the jury returned a verdict for the appellees/plaintiffs, Kirsti M. Wirth and Megan Miller. The jury's verdict allocated 75 per cent negligence to the defendant, Jeffrey Miller, and 25 per cent negligence to appellants/defendants Dale Campbell and Campbell's employer, Imperial Metal Finishing Company, Inc. (hereinafter

"Imperial"). The plaintiffs' petitions for Order of Court to Mold Verdict for Inclusion of Rule 238 Damages were granted by an Order of court dated December 5, 1989 and a judgment entered December 11, 1989. The court found defendants Campbell and Imperial jointly and severally liable for the $75,000 verdict for Wirth and the $100,000 verdict for Miller, as well as the respective delay damages of $12,133.56 and $16,931.54. The plaintiffs had each executed a joint tortfeasor release to defendant Jeffrey Miller in consideration of $21,500, which was deducted from each award.[1] Accordingly, the court found defendants Campbell and Imperial jointly and severally liable to plaintiff Wirth for a total molded verdict of $65,633.56 and to plaintiff M. Miller for $95,431.54. It is from this judgment that defendants Campbell and Imperial now appeal to this Court.

On July 30, 1986, Megan Miller and Kirsti M. Wirth were injured as a result of a five-vehicle accident. At the time of the accident, Megan Miller, a minor, was a passenger in a vehicle driven by her father, Jeffrey Miller. Appellee Wirth was an operator of one of the other vehicles involved.

On July 14, 1987, Wirth commenced an action against Campbell for personal injuries received as a result of the accident. She subsequently amended her complaint to include Imperial claiming Campbell was acting within the scope of his employment when the accident occurred. On August 31, 1987, appellee Miller filed a complaint against Campbell. Campbell, in turn, joined J. Miller as an additional defendant. On June 24, 1988, appellee Miller commenced a separate action against Imperial. These three separate actions, consolidated for trial by Order of court dated January 27, 1989, were originally scheduled for trial on March 22, 1989. However, upon motion by appellee Miller, a continuance until May 10, 1989 was granted. (*See* Motion for Continuance, Record at # 68.)

As stated above, the jury returned verdicts in favor of M. Miller and Wirth in the amounts of $100,000 and $75,000,

---

1. It should be noted that as a result of these releases, Jeffrey Miller is not a party to this appeal.

respectively, finding J. Miller 75 per cent negligent and appellants Campbell and Imperial 25 per cent negligent. Appellees subsequently filed petitions seeking delay damages. In accordance with the joint and several liability requirements of the law, the trial court found the appellants liable for the entire amount of the verdicts ($175,000), plus attendant delay damages. The $21,500 release amount was then deducted from each total. The court denied appellants' motion to mold the verdict to reflect only their 25 per cent comparative liability.

On appeal to this Court, the appellants argue the trial court erred in (1) failing to mold the verdict against Campbell and Imperial by reducing the plaintiffs' recovery by the comparative fault (75%) of the settling joint tortfeasor as determined by the jury; (2) imposing delay damages against the appellants based on the total verdict rather than their proportionate comparative fault; and (3) awarding delay damages including the period subsequent to the trial continuance granted at the request of the appellee Miller.

The central issue in this appeal is the effect of the appellees' settlements with one tortfeasor on the liability of the non-settling tortfeasor. The Uniform Contribution Among Tortfeasors Act (hereinafter UCATA), which recounts the effect of a release on a non-settling tort-feasor, is set forth in pertinent part below:

§ 8326. **Effect of release as to other tort-feasors**

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

42 Pa.C.S. § 8326. Based on a clear reading of this provision, where the amount or proportion by which the release provides that the total claim shall be reduced is equal to the

consideration paid, the claim against the remaining tort-feasor is reduced only by that amount.

The release executed by each appellee in favor of Jeffrey Campbell, set forth in pertinent part below, specifically negated the reduction of the appellees' verdict by pro-rata liability in favor of pro tanto liability.

In the event that [plaintiff/appellee named] should recover a verdict jointly against Jeffrey Miller and one or more other defendants herein, and such recovery shall be reduced only to the extent of the amount of money in dollars paid to [plaintiff/appellee named] for this release *irrespective of the apportionment of pro rata liability determined by any trier of fact.* (Emphasis added.)

(*See* Release, Record at # 82.)

Appellants contend the Supreme Court in *Charles v. Giant Eagle Markets*, 513 Pa. 474, 522 A.2d 1 (1987), judicially supplanted the explicit statutory requirement of the UCATA in an effort to reconcile that Act with the principle of comparative negligence. The appellants argue the *Charles* Court's interpretation of the interaction between the UCATA and the Comparative Negligence Act necessitates a finding that the obligations of a non-settling defendant, following settlement by a joint tortfeasor, are fixed by the proportionate share of causal fault attributed to the nonsettling tortfeasor by the jury. Specifically, appellants aver the subsequent enactment of the Comparative Negligence Act, 42 Pa.C.S. § 7102, worked to compel the conclusion that in a settlement context, while the amount paid by the settling tortfeasor may be fixed by agreement, the liability of the non-settling tortfeasor is fixed by his proportion of causal negligence. Thus, appellants contend, by settling with at least one but not all tortfeasors, the plaintiff contracts away any right to argue for joint and several liability. (*See* appellant's brief, p. 15.) Appellant argues "[T]he liability exposure of the settling party must be extinguished by the settlement, while the obligation of the nonsettling joint tortfeasor to the plaintiff is no more, and no less, than the proportionate comparative

fault determined by the jury." (Appellants' brief at 17.) This Court finds the appellants' reasoning unconvincing and its reliance on *Charles,* to this end, to be misplaced.

The language of the relevant section of the Comparative Negligence Act is set forth below:

**Recovery against joint defendant; contribution.—** Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount. of causal negligence attributed to all defendants against whom recovery is allowed. *The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.*

42 Pa.C.S. § 7102(b) (emphasis added). As is plainly stated in its heading, this provision applies to the right of contribution as between defendants. As is specifically set forth in the statute, the plaintiff is entitled to collect his award from any or all of the tortfeasors. The fact that a plaintiff may recover from any or all tortfeasors does not necessarily abrogate a nonsettling defendant's right to contribution. Such rights are controlled by the specific language of the release. The language of the Comparative Negligence Act is held to be unquestionably harmonious with that of the UCATA thereby disposing of the appellants' charge of incompatibility.

The appellees argue, and we agree, the reasoning of the *Charles* Court is limited to situations in which a plaintiff obtains from a settling tortfeasor a pro rata release as opposed to a pro tanto release as exists in the case at bar. In *Charles,* the plaintiff executed a $22,500 release with Giant Eagle in which he agreed that "[A]ny recovery Appellant would obtain against any person other than Giant Eagle on account of the accident would be reduced to the extent of Giant Eagle's pro rata share of such damage as

may be attributed to Giant Eagle of Appellant's damages recoverable against all the tortfeasors." *Id.*, 513 Pa. at 484, 522 A.2d at 5. At trial, Giant Eagle was found 60 per cent negligent and the co-defendant, 40 per cent negligent; however, the amount paid by Giant Eagle for its release exceeded that which would have been Giant Eagle's pro rata amount owed. The co-defendant argued that its liability should be reduced by the amount which Giant Eagle's settlement exceeded 60 per cent of the verdict amount. Writing for the majority, Chief Justice Nix relied, in part, on the UCATA in finding the co-defendant was not entitled to offset its pro rata liability by the amount by which Giant Eagle's settlement exceeded Giant Eagle's pro rata share. The *Charles* Court's Opinion supports the right of parties to negotiate a release which establishes the amount by which a total claim may be reduced pursuant to section 8326 the UCATA. "This section affords the parties to the release an option to determine the amount or proportion by which the total claim is greater than the consideration paid." *Id.*, 513 Pa. at 482, 522 A.2d at 4. *See also Walton v. Avco Corp.*, 383 Pa.Super. 518, 540, 557 A.2d 372, 384 (1989). The majority stresses the pro rata nature of the release and, in his Concurring Opinion, Justice Papadakos recognizes that the analysis of *Charles* is confined to factual situations involving a pro rata release. *See also Walton, supra.* While the language of the *Charles* release is pro rata in nature, the releases executed by the appellees herein specifically provided that recovery would be reduced only to the extent of the amount of money paid, irrespective of the apportionment of pro rata liability determined by the trier of fact. If the language of the appellees' pro tanto release is ignored, the effect would be to convert the jury's apportionment of liability, for purposes of contribution, to one of apportionment of liability for all purposes thereby eliminating joint and several liability as prescribed by law.

The language of the appellees' release is consonant with the statutory language found in section 8326 of the UCA-

252

TA.  Since *Charles* did not purport to abolish the right of parties to negotiate a release pursuant to the UCATA, the effect given the instant releases by the trial court is entirely consistent with the Court's interpretation of the UCATA as espoused by Chief Justice Nix.

■  The second issue presented on appeal to this Court is whether the appellants were properly found jointly and severally liable for Rule 238 damages.  The appellants argue the trial court erred by requiring Campbell and Imperial to pay delay damages awarded to appellees based on the total amount of the verdict rather than on the liability of Campbell and Imperial as determined in accordance with the proportion of Campbell's comparative fault.  At the very least, appellants argue, the court should have first reduced the verdicts by the amounts paid for the releases or by the parties' comparative fault, then computed delay damages on the molded verdict.  (Appellants' brief at 26.)

In a 1989 en banc decision this Court found joint tortfeasors to be jointly and severally liable for the entire amount of delay damages.  *Tindal v. SEPTA*, 385 Pa.Super. 94, 560 A.2d 183 (1989).  In *Tindal*, SEPTA sought an Order from the trial court holding it responsible only for delay damages as calculated on its pro-rata share of the verdict.  The Court held:

> Liability normally follows verdict.  Therefore, appellants are jointly and severally responsible for the entire amount of delay damages because they are jointly and severally liable for the entire amount of the verdict.

*Id.*, 385 Pa.Superior Ct. at 105, 560 A.2d at 189.  The Court reasoned delay damages to be in the nature of pre-judgment interest to be added to the compensatory damages at verdict, and explained that the express language of Rule 238 requires delay damages be made part of the verdict or award.  *Id.*  Appellants are, therefore, jointly and severally liable for all delay damages regardless of the jury's apportionment of fault.

■ There is merit, however, to the appellants' contention that the release amount should be deducted from the total verdict *prior* to the application of delay damages. In *Hughes v. GAF*, 364 Pa.Super. 311, 528 A.2d 173 (1987), the plaintiffs were awarded $284,975 and $10,200 respectively. Since all other defendants had settled prior to trial, the court molded the verdict against GAF to $56,995 and $2,040 respectively, with attendant delay damages computed on the basis of the molded verdict. In denying the plaintiffs' appeal requesting that the delay damages be calculated on the total verdicts of $284,975 and $10,200, the Court found it would be anomalous to award a plaintiff delay damages on money already received from the settling defendants. *Id.*, 364 Pa.Superior Ct. at 317, 528 A.2d at 176. Such is the case here. Therefore, in accordance with *Tindal* and *Hughes*, this Court finds the appellants jointly and severally liable for the entire verdict amount, minus the release amounts paid by the appellees, plus the resultant delay damages.

■ Lastly, the appellant argues the trial court erred in awarding damages to the appellees for the period subsequent to the trial continuance granted at the request of appellee Miller. As stated above, the trial was originally scheduled for March 22, 1989, but, at the request of appellee Miller, was continued until May 10, 1989.[2] The trial court calculated appellees' delay damages through the May 15, 1989 date of verdict, without excluding the period between March 22 and May 10, 1989.

The rule governing delay damages does not permit exclusion for calculation of delay damages for periods of delay for which no party is responsible due to extraneous administrative concerns. *Tindal, supra.* Pertinent section (b)(2) of Rule 238 is set forth below:

**2.** Appellee Miller adds that at no time did the appellants oppose the continuance. (*See* Miller's brief at 13.) Appellee Wirth avers she appeared at the January 27, 1989 argument and contested the continuance. (*See* Wirth's brief at 24.) This averment, however, is not supported by the record as this Court has not been provided with a transcript of the January 27, 1989 hearing.

(b) The period of time for which damages for delay shall be calculated under subdivision (a)(2) shall exclude the period of time, if any,

.    .    .    .    .

(2) during which the plaintiff caused delay of the trial.

42 Pa.C.S. § 238(b)(2). The issue becomes whether Miller's request for a continuance constituted a delay of trial, other than an extraneous administrative matter, thereby precluding delay damages for the time period thereafter.

In a recent Opinion by this Court the plaintiff's conduct affecting a delay damage award was explained as follows:

Moreover, the plain language of Rule 238 makes clear that plaintiff's conduct will affect the delay damage award only where his or her conduct "caused the delay of *trial*." Pa.R.C.P. 238(b)(2) [emphasis added]. The Explanatory Comment to rule 238 further states:

[W]ith respect to [plaintiff's] delay of the trial, not every procedural delay is relevant to the issue of delay *but only such occurrences as actually cause delay of trial.*

Rule 238, Explanatory Comment 519 Pa. at LXXVI. [Emphasis added.]

*Schrock v. Albert Einstein Medical Center*, 386 Pa.Super. 215, 562 A.2d 875 (1989). The granting of Miller's request for a continuance conclusively caused a delay of trial. Miller's argument that her request for continuance saved a delay of six months is speculative at best.

For all of the foregoing reasons, this Court affirms the trial court's holding, finding the appellants jointly and severally liable for the entire verdict but as to each appeal the judgments are affirmed in part and vacated in part. The judgments as to the verdict amounts are affirmed; the judgments as to the amounts of delay damages are reversed and remanded for calculation in accordance with this Opinion.

Jurisdiction relinquished.