611 A.2d 227

**Raymond JAZBINSEK, Jr., Appellee,**

v.

**Shu Jen CHANG and Chen Tu Ou, t/a Ou's International, Appellants.**

Superior Court of Pennsylvania.

Argued April 21, 1992.

Filed June 10, 1992.

John W. Jordan, IV, Pittsburgh, for appellants.

Russell R. Sanders, Pittsburgh, for appellee.

Before TAMILIA, HUDOCK and HESTER, JJ.

HUDOCK, Judge:

Defendants Shu Jen Chang and Chen Tu Ou (Chang/Ou) appeal the judgment entered in favor of Plaintiff Raymond Jazbinsek (Jazbinsek) after a jury found them to be 35 percent causally negligent for his injuries.[1] The Honorable Livingston M. Johnson molded the verdict of $72,000.00 to reflect the proportionate liability of the defendants. Upon Jazbinsek's request, Judge Johnson also assessed delay damages according to the proportionate liability of the defendants and Rule 238 of the Pennsylvania Rules of Civil Procedure, 42 Pa.C.S. (Purdon 1987 & Supp.1991). We reverse.

---

**1.** Defendant James V. Ipoletto (Ipoletto) has not appealed the judgment entered against him based on the jury's finding that he was 65 percent causally negligent.

This case arises out of an automobile accident. On October 22, 1987, Jazbinsek was riding as a passenger in the automobile of James V. Ipoletto (Ipoletto). He was injured when Ipoletto's car struck the back end of a delivery truck owned by Ou and driven by Chang as the truck crossed an intersecting traffic lane from an adjoining ramp. Jazbinsek commenced this action against both drivers and the owner of the truck. The defendants [2] denied liability and filed crossclaims against each other for indemnity and contribution. The case proceeded to trial by jury on January 17, 1991. After nine days, the jury returned a verdict for Jazbinsek and against Chang/Ou and Ipoletto.

The trial court molded the verdict to reflect a division of the damages awarded in proportion to the liability assigned; Ipoletto was liable for 65 percent of the $72,000.00 verdict or $46,800.00; Chang/Ou were liable for 35 percent of the $72,000.00 verdict or $25,200.00. After the verdict was recorded, Jazbinsek petitioned the trial court for delay damages pursuant to Pa.R.C.P. 238. Judge Johnson assessed $12,417.07 in delay damages against Ipoletto and $918.07 in delay damages against Chang/Ou.

The delay damages to be paid by Chang/Ou were less than those assessed against Ipoletto for two reasons: 1) Chang/Ou were less causally negligent than Ipoletto and 2) Chang/Ou made a written offer of settlement which satisfied the requirements of Rule 238(b)(1) for release from further obligation to pay delay damages. Chang/Ou and Ipoletto moved for post-trial relief and then voluntarily withdrew their motions.

Following private negotiations between the parties, Chang/Ou agreed to pay their share of the verdict. Ipolet-

---

**2.** Although the record includes three individual defendants, two of them, Shu Jen Chang and Chen Tu Ou, have been treated collectively throughout this litigation. Shu Jen Chang was employed on the date of the mishap by Ou's International. Both he and defendant Chen Tu Ou have responded by way of the same pleadings and are represented by the same counsel. At trial, all parties stipulated that Chang and Ou should be treated for purposes of liability as one defendant. Accordingly, they will be considered throughout this text as a single entity.

to, however, failed to remit his proportionate share of the verdict because his liability coverage was limited to $25,-000.00. So, Jazbinsek attempted to recoup Ipoletto's unpaid balance of $21,800.00 from Chang/Ou. Responding that the verdict as apportioned failed to create joint and several liability, Chang/Ou refused to pay any portion of the verdict not expressly attributed to them. Two months after the verdict had been entered, but within one day of Chang/Ou's refusal to pay the unremitted balance, Jazbinsek sought intervention by the trial court with a motion for clarification of the verdict. Judge Johnson granted this motion, ordering "that the Verdict dated January 29, 1991, creates joint and several liability among the three Defendants, including the assessment of Pennsylvania Rule of Civil Procedure 238 damages." Order of April 11, 1991. Final judgment having been entered six days later pursuant to the order, Chang/Ou appealed.

Chang/Ou raise two issues for our consideration. First, did the trial court abuse its discretion in "remolding the verdict" on a motion filed over two months after the verdict was rendered and after Jazbinsek had affirmatively acquiesced in the original apportionment of liability? Second, when one of two defendants has made a settlement offer within 125 percent of the ultimate total verdict, is the offering defendant relieved of liability for delay damages occurring after the date of his offer?

We note initially that this issue is properly before us because the trial judge chose to address the merits of Jazbinsek's motion for clarification despite its two-month untimeliness. *See Pomposini v. T.W. Phillips Gas & Oil Co.*, 397 Pa.Super. 564, 580 A.2d 776 (1990) *alloc. granted*, 528 Pa. 631, 598 A2d 284 (1991) (issue raised in untimely post-trial motion was preserved for appellate review where trial court considered motion on its merit rather than striking it as untimely). Having reviewed the record, we find no merit to Chang/Ou's first argument. As provided by the Pennsylvania Rules of Civil Procedure, "at every stage of any ... action or proceeding [a trial court] may disregard

any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. 126, 42 Pa.C.S. (Purdon 1987). Furthermore, a trial court is vested with broad discretion to dispose of untimely procedural motions, such as the untimely filing of post-trial motions for relief. *Wittig v. Carlacci*, 370 Pa.Super. 584, 537 A.2d 29 (1988). Empowered to effect a just resolution, the trial court may, upon written motion, "affirm, modify or change the decision ... or ... enter any other appropriate order." Pa.R.C.P. 227.1, 42 Pa.C.S. (Purdon 1987 & Supp.1991). In cases involving equitable demands, a trial court may modify or rescind an order beyond the thirty-day statutory limit from entry of the order. *Vanleer v. Lerner*, 384 Pa.Super. 558, 559 A.2d 577 (1989). Reviewed on appeal for abuse of discretion, the trial court's decision will not be disturbed unless, "in reaching a conclusion ... the judgment exercised [was] manifestly unreasonable." *Brodsky v. Philadelphia Athletic Club*, 277 Pa.Super. 549, 553, 419 A.2d 1285, 1287 (1980).

In light of our standard of review, we defer to Judge Johnson's discretion in clarifying the verdict to vindicate Jazbinsek's right to full recovery. Contrary to Chang/Ou's characterization, the order entered two months after the verdict did not serve to mold the verdict. By requesting clarification, Jazbinsek was not challenging the original apportionment of liability; he called upon the court's equitable powers to secure his right to full satisfaction of the verdict from the parties responsible for his damages. To effect full satisfaction, Judge Johnson clarified the nature of liability imposed on the defendants, not the amount of liability attributable to each. The granting of Jazbinsek's untimely motion for clarification did not prejudice the rights of the parties.

In fact, Judge Johnson's order is in complete accord with the law of comparative negligence in this Commonwealth. Section 7102(b) of the Judiciary Act, 42 Pa.C.S. (Purdon 1982) is directly on point:

(b) **Recovery against joint defendant; contribution.**— Where recovery is allowed against more than one defen-

dant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover *the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery.* Any defendant who is so compelled to pay more than his percentage share may seek contribution.

Judge Johnson's order clarifying the verdict did not alter the assignment of liability; rather, his order used the traditional phrase "jointly and severally liable" to apply the concept embodied in the comparative negligence statute. Even without Judge Johnson's clarifying order, Chang/Ou would still be required to pay the full amount awarded, if requested to do so by Jazbinsek, and then seek contribution from Ipoletto for the amount in excess of their proportionate share. *See Tindal v. Southeastern Pennsylvania Transp. Authority,* 385 Pa.Super. 94, 560 A.2d 183 (1989) (en banc) (plaintiff may recover against a tortfeasor in excess of the tortfeasor's pro-rata share of damages in a suit where multiple tortfeasors are found liable; the overpaying tortfeasor may then seek contribution from the other responsible defendants for their overpayment); *Wirth v. Miller,* 398 Pa.Super. 244, 580 A.2d 1154 (1990) *alloc. granted,* 527 Pa. 628, 592 A2d 1296 (1991) (same).

As their second issue for review, Chang/Ou argue that requiring them to pay *all* delay damages violates Pa.R.C.P. 238. Because they made an offer to settle and kept it open for ninety days or until trial, Chang/Ou claim they were relieved of liability for delay damages beyond the date of their offer. We agree.

The 1988 Explanatory Comment to Rule 238 cites *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 59, 436 A.2d 147, 151 (1981) for the two purposes justifying delay damages: 1) alleviating delay in the courts and 2) encouraging defendants to settle meritorious claims as soon as reasonably possible. The original Rule 238 was

applied automatically, but *Craig v. Magee Memorial Reha-
bilitation Center*, 512 Pa. 60, 515 A2d 1350 (1986) intro-
duced the concept of fault as an element to be considered in
awarding delay damages.

▇ Judge Johnson's original calculations for delay dam-
ages reflect his decision to relieve Chang/Ou of liability for
delay damages accruing after the date of their settlement
offer. Order of April 5, 1991. These calculations are above
reproach.[3] However, his subsequent order assessing joint
and several liability against Chang/Ou for *all* delay dam-
ages, despite their offer to settle, circumvents the objec-
tives of Rule 238.

The gravamen of Chang/Ou's complaint lies with opera-
tion of Rule 238 damages where one defendant makes an
adequate offer to settle and the other defendant does not.
The Honorable Judge Spaeth foreshadowed this very sce-
nario in a footnote to his opinion on *Reilly by Reilly v.
Southeastern Pennsylvania Transp. Authority*, 330
Pa.Super. 420, 479 A.2d 973 (1984). Stated Judge Spaeth,

[Reilly] is not a case in which one defendant has made an
adequate settlement offer under the terms of the Rule
and the other has not. We express no view on whether it
would be consistent with the purposes of the Rule in that
situation to hold the defendant who had made an ade-
quate settlement offer responsible for the delay damages
attributable to his codefendant. *See Lavin v. Myle-
craine*, 307 Pa.Super. 564, 453 A.2d 1031 (1982) (*dictum*
that if defendants who actually settled had made an offer
that was rejected, they would have been exonerated from
any more damages attributable to the period after the
offer was made).

*Reilly*, 330 Pa.Superior Ct. at 476, 479 A.2d at 1002 n. 11.

The facts before us present a case in which one defendant
has made an adequate settlement offer under the terms of

**3.** By modifying the order to render Chang/Ou liable for Ipoletto's
share of the verdict, Judge Johnson also acted within his discretion
and section 7102's parameters. At oral argument, Chang/Ou con-
ceded their responsibility for the entire verdict given Ipoletto's refusal
to pay his share.

Rule 238 and the other defendant has not. We are now prepared to express our views as to the resolution of this issue. In doing so, we adopt the dictum of *Mylecraine*[4] and find Chang/Ou are not jointly and severally liable for delay damages accruing after the date of their offer.

Chang/Ou made an offer of settlement which cut off their liability for further delay damages beyond the date of their offer; they will not be penalized for additional delay damages arising from Ipoletto's failure to make an offer of settlement. Were Chang/Ou held ultimately liable for delay damages attributable solely to Ipoletto, even though they made a conforming offer of settlement, their offer would amount to nothing more than an empty gesture. We fail to see how the purposes of Rule 238 are served if a defendant who makes a conforming offer must nevertheless pay all delay damages, including those accruing after the offer.

At first glance, our decision in this case may appear to collide with the holdings of *Tindal* and *Wirth* cited above. We find these two authorities to be distinguishable, however. One of the three defendants in *Tindal* made a written offer of settlement to the plaintiffs. The other two defendants sought to avoid being held ultimately responsible for payment of the delay damages assessed not only against them but also against the settling defendant.[5] The *Tindal* court stated, "Liability normally follows verdict. Therefore, [multiple defendants] are jointly and severally responsible for the entire amount of delay damages because they are jointly and severally liable for the entire amount of the verdict." *Tindal*, 385 Pa.Superior Ct. at 104, 560 A.2d at 189. The non-settling defendants in *Tindal* argued for proportionate-share delay damages, seeking to benefit from

---

4. We find no consequence to the fact that *Mylecraine* and *Reilly* were decided prior to the 1988 amendments to Rule 238. The sections of Rule 238 relied upon by these two cases were not adversely affected by the amendments.

5. Their concern was generated by the apparent inability of the settling defendant to meet his obligation on the underlying verdict due to the insolvency of his insurer.

the settling defendant's offer and, thereby, reduce their liability. This they were precluded from doing.

In the case *sub judice,* had Chang/Ou not made an offer of settlement, the holding of *Tindal* would apply to make Chang/Ou and Ipoletto jointly and severally liable for the entire amount of delay damages. An offer was made in this case, however, which offer activated the relief available to Chang/Ou pursuant to Rule 238. Unlike the complaining defendants in *Tindal* who sought to use their co-defendant's offer to reduce their own liability, Chang/Ou seek to enforce their statutory right to exoneration from delay damages accruing after their offer. Allowing Ipoletto— who made no offer—to take advantage of Chang/Ou's conforming offer and evade the payment of delay damages attributable to the period after Chang/Ou's offer would be inequitable.

As for *Wirth,* that case involved the ramifications of one joint tortfeasor's release on the other joint tortfeasor's liability for delay damages. The trial court had assessed delay damages on the entire verdict and then reduced the verdict and the delay damages by the amount of the release. The non-released defendant argued that the trial court should have deducted the release amount from the verdict prior to the application of delay damages. The *Wirth* court agreed with the non-released defendant, holding that he was jointly and severally liable for the entire amount of the verdict, minus the release amount paid by the released defendant, plus the resultant delay damages. Like those in *Tindal,* the complaining parties in *Wirth* sought to reduce their liability by using their co-defendant's release to their benefit. In contrast, Chang/Ou—the offering defendants—seek to enforce the statute which exonerates them from responsibility for delay damages accruing after the date of their offer. We decline to emasculate the delay and settlement objectives of Rule 238 by holding a settling defendant liable for delay damages arising after he has made an offer. We decline to render meaningless Chang/

310

Ou's offer of settlement by holding them liable for the entire amount of delay damages.

Judgment reversed. Jurisdiction relinquished.